

**MENDEZ LAW OFFICES**
P.O. BOX 12028
MILL CREEK, WA 98082
PHONE (206) 264-0849 FAX (425)316-6707
*ABOGADO BILINGUE EN ESPANOL*
12-11-05

Mr. Stephan Collins,
United States Attorney
222 W. 7th Ave., Room C-253
Anchorage, AK 99513

RE: United States of America v. Isai Hernandez, A05-108 CR(JWS)

Dear Mr. Collins:

I am in receipt of your motion to set Trial Setting Conference. I, unfortunately, have not heard from the court regarding the Pro Hac Vice request. I called Mr. Maus last week, and I have not received any answer yet.

To complicate matters more, I will be out of the Country from 12-20-05 to 12-31-05. If I may be able to suggest a date for the conference, I would love for it to be sometime on the week of January the 9th. That is assuming that the court will approve my Pro Hac Vice application.

As I had previously advised you, I will, hopefully, be representing Mr. Hernandez in the above entitled action. In case the Court approves the application, I would like to formally request that the government provide discovery. I know that your office will give me all the discovery as soon as it is appropriate. However, I just need to formalize the request.

We request production of the following information:

(1) Statements. All written and oral statements made by the defendant. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents and tapes in which statements of the defendant are contained. The substance of oral statements which the government intends to introduce are discoverable under Fed. R.Crim. P. 16(a)(1)(A)(amended December 1, 1991) and Brady v. Maryland;

(2) Documents, statements, reports, tangible evidence. Production of all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt

or which affects the credibility of the government's case. This evidence must be produced pursuant to Brady v. Maryland and United States v. Agurs, 427 U.S. 97 (1976).

(3) Prior record/other act evidence. All evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)© and Fed. R. Evid. 404(b) (as amended December 1, 1991) and 609. This request also includes the defendant's "rap" sheet and/or NCIC computer check on the defendant.

(4) Seized evidence. All evidence seized as a result of any search, either warrantless or with a warrant, in this case. This is available under Fed. R. Crim. P. 16(a)(1)©. (SDO p. 2) In addition, it is requested that copies of all search and arrest warrants issued in connection with this prosecution, including any supporting affidavits or telephonic transcriptions, be provided.

(5) Agent's reports, notes, memos. All arrest reports, investigator's notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to the defendant. These reports are available under Fed. R.Crim. P. 16(a)(1)(B) and ©; and Fed. R. Crim. P. 26.2 and 12(I). In addition, it is requested that any witness interview notes that could be considered to be statements attributable to the witness be provided. See Goldberg v. U.S., 425 U.S. 94 (1976).

(6) Other documents/tangible objects. All other documents and tangible objects, including photographs, books, papers, documents, or copies or portions thereof which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Specifically requested are all documents, items and other information seized pursuant to any search. This is available under Brady and Fed. R. Crim. P. 16(a)(1)©.

(7) Bias of government witnesses. Any evidence that any prospective government witness is biased or prejudiced against the defendant or has a motive to falsify or distort her/his testimony. See Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

(8) Prior record/other acts of government witnesses. Any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. See F.R.E. Rule 608(b) and Brady.

(9) Investigation of witnesses. Any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal or official misconduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985).

(10) Evidence regarding ability to testify. Any evidence, including any medical or psychiatric reports or evaluations, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States

v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980); United States v. Butler, 567 F.2d 885 (9th Cir.1978).

(11) Personnel files. It is requested that the government review each agent's personnel file for review for information requested in paragraphs (7) - (10) above and determine whether there is any impeaching information contained in the files, see United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

(12) Government witnesses. The name and last known address of each prospective government witness. See United States v. Neap, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).

(13) Evidence of failed polygraph of government witness(es). Disclosure that any government witness has taken and failed a polygraph is requested. See Bartholomew v. Wood, 34 F.3d 870 (9th Cir. 1994).

(14) Other witnesses. The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1469 (9th Cir. 1984).

(15) Favorable testimony. The name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); James v. Jag, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975).

(16) Rule 26.2 Material/Timing of production. It is requested that the government provide all material available pursuant to Fed. R. Crim. P. 26.2, sufficiently in advance of trial or motion hearings so as to avoid unnecessary delay prior to cross examination.

(17) Experts/resumes. The curriculum vitae of any and all experts the government intends to call at trial, including any and all books, treatises or other papers written by the expert which is relevant to the testimony.

(18) Expert's reports and summaries. Production of any and all reports of any examinations or tests, is requested pursuant to Rule 16(a) (1)(D). In addition, it is requested that the government disclose a written summary of testimony the government intends to use under FRE 702, 703 or 705. As required by Rule 16(a)(1)(E), the summaries must describe the witnesses' opinions, the bases and the reasons therefor and the witnesses' qualifications. See Fed. R. Crim. P. 16(a)(1)(E) (added December 1, 1993).

(19) Confidential Informant(s) and related information. It is requested that the government reveal the identity of any and all confidential informants who were percipient witnesses to the

charges in this case and information regarding any promises made to the CI and the information provided by the CI.

(20) Promises made or "deals" with government witnesses. Under Giglio v. United States, 405 U.S. 150 (1972), the government must provide all promises of consideration given to witnesses. See also United States v. Shaffer, 789 F.2d 682 (9th Cir. 1986). This request includes cooperation agreements with witnesses who are not called as government witnesses. See United States v. Kojayan, 8 F.3d 1315 (9th Cir. 1993).

(21) Specific inquiries of agents. It is requested that the government make specific inquiry of each government agent connected to the case for discovery requested above. See Kyles v. Whitley, 115 S.Ct. 1555 (1995) ("no one doubts that police investigators sometimes fail to inform a prosecutor of all they know" but "neither is there any serious doubt that procedures and regulations can be established to carry [the prosecutor's] burden and to insure communication of all relevant information on each case to every lawyer who deals with it").

(22) Minutes of Grand Jury Proceedings. Production of the minutes of the grand jury proceedings is requested in order to determine whether there has been compliance with Rule 6 with regard to attendance and the number of grand jurors voting on this indictment. See Rule 6(b)-(d).

(23) Grand Jury transcripts. All grand jury transcripts are requested.

(24) Statement by government of refusal to provide. The government is requested to advise if it has any of the above-requested items or the items required by the SDO but refuses to provide them to the defense.

(25) Statement of existence of other information. (a) It is requested that the United States state whether the defendant was identified in any lineup, showup, photo spread or similar identification proceeding, and produce any pictures utilized or resulting from such procedure and the names of any identifying witnesses. (b) It is requested that the United States state whether the defendant was an aggrieved person, as defined in 18 U.S.C. 2510(11), or any electronic surveillance, and if so, set forth in detail the circumstances of such surveillance.

Thank you for taking the time to read this letter, and I hope to hear from you soon.

Sincerely,

Raul Mendez.