IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                             )<br>          Plaintiff,         )<br>                             )<br>                             )<br>     v.                      )<br>                             )<br>ISAI HERNANDEZ               )<br>                             )<br>          Defendant.         )<br>_____) | CASE NO: A05-0108 CR (JWS) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION OF DEFENDANT FOR SEVERANCE**

Defendant, Isai Hernandez has been charged in an Twenty-two count indictment. There are ten co-defendants in addition to Mr. Hernandez charged under this indictment. The indictment charges this defendant with, *inter alia*, committing unlawful acts with some of his co-defendants.

Rule 14 of the Federal Rules of Criminal Procedure provides that if it appears that a defendant is prejudiced by a joinder of offenses or of defendants in an indictment, the court may order a severance of defendant. The decision as to whether separate trials should be ordered is a matter within the sound discretion of the trial court judge. *See*, **U.S. v. Whitley**, 734 F.2d 1129 (6th Cir. 1984). Mr. Hernandez will suffer substantial prejudice in numerous ways if a joint trial

is held in this case. Initially, a joint trial with the other co-defendants will prejudice Hernandez by the admission of evidence pertaining to the testimony and other evidence, which do not apply to Mr. Hernandez. This is particularly true in this matter in view of the fact that of the videotapes provided by the government, Mr. Hernandez appears in not one of the same. Additionally, of the large number of audiotapes there is a paucity of discussion regarding Mr. Hernandez. Certainly, evidence pertaining to those co-defendants would be inadmissible in a separate trial for Hernandez. Secondly, if defendant Hernandez were granted a separate trial, the court would not have to be concerned about the out-of-court statements of the co-defendants and defendant Hernandez's right of confrontation.

In **Bruton v. United States**, 391 U.S.123, 20 L.Ed 2d 476 (U.S. 1968), the Court found a Sixth Amendment violation, in which a non testifying co-defendant's confession, which implicated Bruton, was admitted. The Court also found that this encroachment on Bruton's rights could not be avoided by a jury instruction to disregard the confession as to Bruton. **Cruz v. New York**, 481 U.S. 186, 95 LEd 2d 162 (U.S. 1987). Clearly, a risk of such Constitutional violation is present unless severance occurs.

The Ninth Circuit has found that a risk of prejudice

2

is great in a case of such as the one before this court, that being a "mega-trial" of substantial length and complexity. This case which has ten defendants has voluminous recorded voice and videotapes and a substantial volume of written material and objects. Thus, it is believed that the case falls within the ambit of such doctrine. **U.S. v. Baker**, 10 F.2d 1374, 1389-93 (9th Cir. 1993); *See,* **U.S. v. Vasquez-Valasco**, 15 F.3d 833 (9th Cir. 1994);

Finally, there does not appear to be a practical way for the court to minimize the prejudice to Mr. Hernandez in a joint trial. The testimony regarding the co-defendants certainly has the potential of influencing the jury as to the guilt of Isai Hernandez who is alleged to be involved in the crimes charged in this Indictment. The court cannot reasonably expect a jury to perform the demanding task of considering the independent evidence against all ten of the defendants. *See,* **U.S. v. Douglass**, 780 F.2d 1472 (9th Cir. 1986), in which the Ninth Circuit Court of Appeals affirmed a denial of severance but noted the well settled principle that a great disparity in the amount and nature of evidence offered against joined defendants may require severance. It is believed that such disparity exists herein so as to require severance.

In conclusion, defendant Hernandez requests that the

court order severance in this case.

DATED this 15th day of March, 2006.

LAW OFFICES OF HUGH W. FLEISCHER

9497/502

By: ____S/Hugh W. Fleischer____
Hugh W. Fleischer
AK Bar # 7106012
Law Offices of Hugh W. Fleischer
310 K. Street, Suite 200
Anchorage, AK 99501
(907) 264-6635
(907) 264-6602 (fax)
hfleisch@aol.com

CERTIFICATE OF SERVICE

I certify that on the 15th day of March, 2006, a true copy of the foregoing was delivered by FAX to the following counsel:

Stephan Collins
Assistant U.S. Attorney
222 W. 7th Ave., # 9, Rm. 253
Anchorage, AK 99513-7567
FAX-271-1500

Herman G. Walker
606 E. St., Ste. 203
Anchorage, AK 99501
FAX-258-4428

D. Scott Dattan
2600 Denali St., Ste. 460
Anchorage, AK 99503
FAX-278-8571

Burke Wonnell
2600 Denali St., Ste. 460
Anchorage, AK 99503
FAX-278-8571

Mark A. Rosenbaum
4940 Byrd Lane, Ste. 100
Anchorage, AK 99502
FAX-243-2609

```
Michael D. Dieni, Asst. FDP
550 W. 7th Ave., Ste. 1600
Anchorage, AK 99501
FAX-646-3480

Lance C. Wells
733 W. 4th Ave., Ste. 308
Anchorage, AK 99501
FAX-277-9859

Raul Mendez
PO Box 12028
Mill Creek, WA 98082
FAX-425-316-6707


         S/ Hugh W. Fleischer
       Law Offices of Hugh W. Fleischer
```