IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ISAI HERNANDEZ,<br>Defendant. | ) | **MOTION FOR ADMISSIBILITY HEARING REGARDING STATEMENTS**<br><br>CASE NO: A05-0108 CR (JWS) |

EXCLUDABLE DELAY
A period of excludable delay under 18 U.S.C. Sec. 31610(f) may occur as a result of the filing/granting/denying of this motion.

The Defendant, Isai Hernandez, by and through counsel, Hugh W. Fleischer, hereby moves for a pretrial hearing to establish the admissibility against him of statements made by any other ten named persons who are alleged to be "co-conspirators”.

Federal Rule of Evidence 801(d)(2) excludes from the definition of hearsay statements "by a co-conspirator of a party during the course and in furtherance of the conspiracy." Co-conspirator statements, however, cannot be admitted unless the court first determines by a preponderance of the evidence that a conspiracy exists and that the defendant knew of and participated in the conspiracy. See,

F.R.E. 104(a); ***United States v. Peralta***, 941 F.2d 1003, 1005 (9th Cir. 1991). In order to make this decision; the court must hold a hearing outside the presence of the jury to determine whether the government can meet its burden of proof. Given the number of possible combinations of evidence into the alleged conspiracy, a pretrial hearing on the admissibility of these statements is necessary and appropriate.

Federal Rule of Evidence 801(d)(2)(E) provides that "a statement is not hearsay if [t]he statement is offered against a party and is . . . a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy." In order for out-of-court statements to be admitted pursuant to Rule 801(d)(2)(E), the government must first establish by a preponderance of evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made knowledgeably during the course and in furtherance of this conspiracy. ***Bourjaily v. United States***, 483 U.S. 171, 175, 107 S.Ct. 2775 (1987); ***United States v. Silverman***, 861 F.2d 571 (9th Cir. 1988). Pursuant to Federal Rule of Evidence 104(a), the court must make the initial determination of the admissibility of alleged co-conspirator statements. In the present circumstances, the interests of justice require that the

determination be made outside of the hearing of the jury, because of the possible prejudice to Hernandez from the jury hearing inadmissible statements, and because of the number of different statements that would need to be considered in a trial of this defendant.

As stated above, a co-conspirator statement is not admissible against a defendant unless the declarant and the defendant were involved in a conspiracy together, and that the statement was made during the course and in furtherance of the conspiracy. *See,* ***Bourjaily***, 483 U.S. at 178; F.R.E. 801(d)(2)(E). The government alleged, in the Indictment a single conspiracy involving eleven defendants; the evidence disclosed so far indicates that the co-defendants were taking several individual actions.

It follows that in order for statements of an alleged co-conspirator along a different spoke to be admitted, the government must initially establish by a preponderance of the evidence that there was an overall agreement binding the declarant to the defendant. Mr. Hernandez requests that the court determine whether the government has met this initial burden before admitting, pursuant to Federal Rule of Evidence 801(d)(2)(E), any statement by anyone else against him, either directly or indirectly.

Given the number of different out-of-court statements which the government may seek to admit pursuant to Rule 801(d), the likely need for a determination of admissibility as to this defendant, and the need to craft limiting instructions in the event that statements were admissible against one of the other co-defendants but not Mr. Hernandez, he respectfully requests that the court hold a pretrial evidentiary hearing to decide these questions. Such a pretrial hearing is an efficient means of facilitating the introduction of evidence at trial, saving judicial resources, and insuring that a defendant is afforded adequate protection against prejudicial statements, which are inadmissible as to him.

DATED THIS 15th day of March, 2006

LAW OFFICES OF HUGH W. FLEISCHER

By: S/Hugh W. Fleischer

Hugh W. Fleischer
AK Bar # 7106012
Law Offices of Hugh W. Fleischer
310 K. Street, Suite 200
Anchorage, AK 99501
(907) 264-6635
(907) 264-6602 (fax)
hfleisch@aol.com

9497/508

CERTIFICATE OF SERVICE

I certify that on the 15th day of

March, 2006, a true copy of the
foregoing was delivered by FAX
to the following counsel:

Stephan Collins
Assistant U.S. Attorney
222 W. 7th Ave., # 9, Rm. 253
Anchorage, AK 99513-7567
FAX-271-1500

Herman G. Walker
606 E. St., Ste. 203
Anchorage, AK 99501
FAX-258-4428

D. Scott Dattan
2600 Denali St., Ste. 460
Anchorage, AK 99503
FAX-278-8571

Burke Wonnell
2600 Denali St., Ste. 460
Anchorage, AK 99503
FAX-278-8571

Mark A. Rosenbaum
4940 Byrd Lane, Ste. 100
Anchorage, AK 99502
FAX-243-2609

Michael D. Dieni, Asst. FDP
550 W. 7th Ave., Ste. 1600
Anchorage, AK 99501
FAX-646-3480

Lance C. Wells
733 W. 4th Ave., Ste. 308
Anchorage, AK 99501
FAX-277-9859

Raul Mendez
PO Box 12028
Mill Creek, WA 98082
FAX-425-316-6707

S/ Hugh W. Fleischer
Law Offices of Hugh W. Fleischer

