DEBORAH M. SMITH
Acting United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case  No.  3:05-cr-108-11 (JWS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | RESPONSE TO MOTION FOR |
| vs. | ) | ADMISSIBILITY HEARING |
| | ) | REGARDING STATEMENTS |
| ISAI HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Isai Hernandez, the defendant, moves this court to holding a hearing prior to

the commencement of trial to establish the admissibility of co-conspirator

statements that he fears may implicate him in the conspiracy charged in Count 1of

the indictment in this matter.   Although he has not cited to the case, Hernandez is

asking the court to conduct a "*James*" hearing (so named because of *United States v. James*, 590 F.2d 575 (5th Cir. 1979)), in other words a mini-trial prior to the real trial to establish the foundation for the admissibility co-conspirator statements. A pretrial determination of the admissibility any co-conspirator's statements in this case would be not only unnecessary but a needless waste of judicial resources. The court should therefore deny the motion.

      Fed. R. Evid. 801(d)(2)(E) provides that a statement is not hearsay if the "statement is offered against a party and in furtherance of the conspiracy." Before a court will admit a statement of a co-conspirator into evidence and against a defendant, the government must establish by a preponderance of the evidence the three following requirements: (1) the existence of a conspiracy; (2) that the defendant and declarant were members of the conspiracy; and (3) that the statements were made during the course of and in furtherance of the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 173 (1987). The trial court, in making these preliminary factual determinations under Fed. R. Evid. 801(d)(2)(E), may consider, along with other evidence, the actual hearsay statements sought to be admitted. *Id*. at 181; *United States v. Schmit*, 881 F.2d 608 (9th Cir. 1989).

      Fed. R. Evid. 104(a) states that a judge is not bound by the rules of evidence when determining preliminary fact questions except with the respect to privileges.

Thus, the court may independently assess the establishment of the existence of a conspiracy before the matter is submitted to the jury at the end of the case. The court may receive the hearsay evidence and give it "such weight as his judgment and experience counsel." *Bourjaily*, 483 U.S. at 181. The Court in *Bourjaily* found that the Confrontation Clause of the Sixth Amendment does not require the trial court to inquire into the circumstances of co-conspirator's statements to determine independent indicia of the reliability of the statements. *Id* at 182. The hearsay rules and the Confrontation Clause are designed to protect similar values. Thus, if evidence falls within a hearsay exception, a court need not independently inquire into the reliability of such statements. *Id*.

As is more often the case, the main issue concerning admissibility is whether the statement was made during the course of and in furtherance of the conspiracy. The government need only establish by a preponderance of the evidence that the co-conspirator's statement sought to be admitted was made in furtherance of the conspiracy. *Bourjaily*, 483 U.S. at 173. To meet the "in furtherance" requirement, the statements must further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy. *United States v. Yarbrough*, 852 F.2d 1522 (9th Cir. 1988). The statements must somehow assist the conspirators in achieving their objectives. *United States v. Layton*, 720 F.2d

548 (9th Cir. 1983).

In *United States v. Schmit*, 881 F.2d 608 (9th Cir. 1989), the Ninth Circuit held that in order to establish that a co-conspirator's statement was made " in furtherance" of the conspiracy the government was not required to prove that the statements in fact actually furthered the conspiracy; the court found that it was enough if the declarant made the statement for that purpose. *Schmit*, 881 F.2d at 612. Such statements are admissible even if they hinder the plot. *United States v. Reyes*, 798 F.2d 380, 383-84 (10th Cir. 1986).

Statements made in an attempt to conceal the conspiracy may also be considered to have been made "in furtherance of" the conspiracy. *United States v. Lim*, 984 F.2d 331, 336 (9th Cir. 1993) (at defendant's trial on drug charges, DEA agent testimony regarding pre-arrest statements by alleged co-conspirator that he was traveling alone and visiting friends were properly admitted under Fed. R. Evid. 801(d)(2)(A) as a co-conspirator's out-of-court statement made "in furtherance of the conspiracy"); *United States v. Williams*, 989 F.2d 1061, 1069 (9th Cir. 1993) (defendant's admonition to now deceased co-conspirator's girlfriend not to tell anyone about trip defendant took to obtain drugs represented effort to conceal co-conspirator's illegal activities and thus was in furtherance of those activities and therefore admissible under co-conspirator exception to hearsay rule, Fed. R. Evid.

801(d)(2)(E)).

The decision as to whether the government has laid the proper foundation for the admission of co-conspirator statements lies with the judge rather than the jury. *Bourjaily*, 483 U.S. at 174 ; *United States v. Eubanks*, 591 F.2d 513 (9th Cir. 1979). If the statement is admitted, the jury is to treat it as it does any other piece of evidence. The trial court need not instruct the jury that it is only to consider the statement if it makes certain preliminary findings relative to the alleged conspiracy and the statements. *United States v. Ascarrunz*, 838 F.2d 759 (5th Cir. 1988).

The Ninth Circuit has consistently held that the court may provisionally admit evidence of co-conspirators' statements, subject to a motion to strike if the government's evidence does not ultimately satisfy the foundational requirements. *United States v. Watkins*, 600 F.2d 201, 204 (9th Cir. 1979); *United States v. Batimana*, 623 F.2d 1366, 1369 (9th Cir. 1980); *United States v. Zemek*, 634 F.2d 1159, 1169 (9th Cir. 1980). [1] The order of proof is left to the sound discretion of the trial judge. *Zemek*, 634 F.2d at 1169; *United States v. Kenny*, 645 F.2d 1323, 1333-1334 (9th Cir. 1981); *United States v. Perez*, 658 F.2d 654, 658, n. 2 (1981); *United States v. Long*, 706 F.2d 1044, 1053 (9th Cir. 1983) (defendant's request for

---

[1] In *Zemek*, the Ninth Circuit expressly rejected adoption of the Fifth Circuit's "preference" for pretrial determination of admissibility if "reasonably practicable" as set forth in *United States v. James*, *supra. Id.* at 1169 n. 13.

a pretrial hearing on admissibility of co-conspirators' statements properly denied); *United States v. Rabb*, 752 F.2d 1320, 1325 (9th Cir. 1984).  *Bourjaily* does not alter this principle.  *Bourjaily*, 483 U.S. at 181.

Requiring a "mini-trial" on the admissibility of co-conspirators' statements or even requiring the government to lay a complete foundation prior to admitting the co-conspirator's statements would frustrate justice and be an inefficient use of the government's and this court's time.  As the commentary to Rule 104(c), Fed. R. Evid., noted regarding a preliminary hearing:

> The procedure is time consuming.  Not infrequently the same evidence which is relevant to the issue of establishment of fulfillment of a condition precedent to admissibility is also relevant to weight or credibility, *and time is saved by taking foundation proof in the presence of the jury*.

*Notes of the Advisory Committee on Proposed Rules*, Pub L. 93-595, Section 1, 88 Stat. 1926 (1981) [emphasis added].

In this case, if the court were to adopt the unnecessary procedure requested by Hernandez, a tremendous amount of time would be wasted and the defendant would

be given an opportunity to "pre-try" the case. The procedure the court should employ here is to provisionally admit any "co-conspirator's statement", subject to motion to strike if the government's evidence does not ultimately establish the foundational requirements. That type of procedure, repeatedly approved by the Ninth Circuit, makes much more sense in this case. The court should therefore deny defendant's request for a *James* hearing.

        RESPECTFULLY SUBMITTED this day, March 28, 2006, in Anchorage, Alaska.

        DEBORAH M. SMITH
        Acting United States Attorney

        s/Stephan A. Collins
        Assistant U.S. Attorney
        222 West 7th Ave., #9, Rm. 253
        Anchorage, AK 99513-7567
        Phone: (907) 271-5071
        Fax: (907) 271-1500
        E-mail: stephan.collins@usdoj.gov
        AK # 8911061

**CERTIFICATE OF SERVICE**
I hereby certify that on March 28, 2006
a copy of the foregoing was served
electronically:

Hugh Fleischer

s/ Stephan A. Collins