DEBORAH M. SMITH
Acting United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case  No.  3:05-cr-108 (JWS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | RESPONSE TO MOTION TO |
| vs. | ) | REVEAL THE IDENTITY OF THE |
| | ) | INFORMANT |
| ISAI HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Isai Hernandez, the defendant, has moved pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957) to have this court order the United States provide Hernandez with the identity of the informant in this case.  The United States opposes the motion.

The United States has a limited privilege to withhold the identity of confidential informants; this privilege gives way when disclosure of the informant's identity is "relevant and helpful to the accused" or is "essential to a fair determination of a cause." *Roviaro v. United States*, 353 U.S. 53, 59-61 (1957). The determination of whether to reveal a confidential informant's identity requires balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders non-disclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crimes charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. *Id.* at 62. The burden of showing that disclosure will be "relevant and helpful" is on the defendant. *United States v. Sai Keung Wong*, 886 F.2d 252, 256 (9th Cir. 1989); *United States v. Johnson*, 886 F.2d 1120, 1122 (9th Cir. 1989). A mere suspicion that information will prove helpful does not require disclosure. *Sai Keung Wong*, 886 F.2d at 256; *Johnson*, 886 F.2d at 1122. To carry his burden, defendant "must do more than speculate that disclosure will prove helpful." *United States v. Trejo-Zambrano*, 582 F.2d 460, 466 (9th Cir. 1978), quoted in *United States v. Sanchez*, 908 F.2d 1443, 1451 (9th Cir. 1990).

While a confidential informant cooperated in the initial stages of the investigation in this matter, the confidential informant provided no information about Hernandez, had no contacts with Hernandez, and engaged in no conversations with Hernandez. Hernandez does not assert or aver facts that would contradict this. Instead, Hernandez merely asserts he *believes* the confidential informant did actively participate "and/or" was a percipient witness to the acts underlying the prosecution. Hernandez has never explained why disclosure of the confidential informant's identity would be "relevant and helpful" to his defense; instead, he relies on conclusory statements to that effect.

Because Hernandez has failed to establish that the confidential informant

//

//

//

was the sole percipient witness to the events that support the charges against him, Hernandez has failed to establish the need to learn the identity of the confidential informant. The court should therefore deny the motion.

RESPECTFULLY SUBMITTED this day, March 28, 2006, in Anchorage, Alaska.

> DEBORAH M. SMITH
> Acting United States Attorney
>
> s/Stephan A. Collins
> Assistant U.S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-1500
> E-mail: stephan.collins@usdoj.gov
> AK # 8911061

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2006
a copy of the foregoing was served
electronically:

Hugh Fleischer, Esq.

s/ Stephan A. Collins