DEBORAH M. SMITH
Acting United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case  No.  3:05-cr-108-11 (JWS) |
| ) | |
| Plaintiff, ) | |
| ) | RESPONSE TO MOTION FOR |
| vs. ) | SEVERANCE |
| ) | |
| ISAI HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ————————————————— ) | |

     Isai Hernandez, the defendant, moves pursuant to Fed. R. Crim. P. 14 to

sever his trial from that of his co-defendants on the theory that a joint trial would

prejudice his individual interests.  Additionally, Hernandez argues for severance

based on *United States v. Bruton*, 391 U.S. 123 (1968).  The United States opposes

the motion because  Hernandez has not shown a joint trial with his co-defendants

will substantially prejudice his rights.

The federal grand jury has charged Hernandez and his co-defendants in a

multi-count indictment in which Hernandez is  charged with his co-all of his co-

defendants with one count of conspiracy to distribute controlled substances, in

violation of 21 U.S.C. § 846, and several of his co-defendants with money

laundering, in violation of 18 U.S.C. § 1956.

## JOINDER IS PROPER

The court should deny the remaining defendants' motion to sever.  The

joinder of offenses in the indictment and the joinder of Hernandez with his co-

defendants for trial is also proper.  Hernandez has failed to meet his burden of

proving he will suffer actual prejudice or that his substantial rights will be affected

by proceeding to trial with his co-defendants.

Normally, defendants who are jointly indicted are and should be jointly

tried.  *United States v. Mariscal*, 939 F.2d 884 (9th Cir. 1991); *United States v.

Polizzi*, 801 F.2d 1543 (9th Cir. 1986).    Fed. R. Crim. P.  Rule 8 is the rule that

approves of the joinder of both offenses and parties in the same indictment. The

goal of this rule is to maximize trial convenience and efficiency with a minimum of

prejudice.  *United States v. Sarkisian*, 197 F.3d 966, 975 (9th Cir. 1999).   Thus, the

courts construe Fed. R. Crim. P. 8 as to be liberally applied in favor of joinder. *Sarkisian* 197 F.3d at 975.

Fed. R. Crim. P. 8 provides that when the offenses or parties are part of the same act or transaction or in the same series of acts or transactions constituting the offense or offenses.   The term "transaction" is interpreted flexibly, and whether a "series" exists depends on whether there is a "logical relationship" between the transactions. *Sarkisian*, *Id*. at 975-6.   A "series of transactions" can be logically related either by "by the existence of a common plan, scheme, or conspiracy" or by a showing that the evidence of the common activity constitutes a substantial portion of proof of the joined charges  *United States v. Vasquez-Velasco*, 15 F.3d 833, 843-44 (9th Cir. 1994).

Fed. R. Crim. P. 14 provides that offenses or parties joined pursuant to Fed. R. Crim. 8 may be nonetheless severed from one another where it appears that a defendant or the government will suffer prejudice by the joinder of charges or defendants.   The prejudice must be clear, manifest, or undue.  *United States v. Adler*, 879 F.2d 491, 497 (9th Cir. 1988).   It must involve prejudice of a nature and significance sufficient to violate one of the defendant's substantive rights, such as the opportunity to present his own defense or to deny the defendant a fair trial. *United States v. Tootick*, 952 F.2d 1078, 1082 (9th Cir. 1991).

It is the defendant's burden to make a strong showing that he will be prejudiced by being tried with the other defendants. *Williamson v. United States*, 310 F.2d 192 (9th Cir. 1962). Defendants are required to establish compelling reasons why severance is appropriate. *Parker v. United States*, 404 F.2d 1193 (9th Cir. 1968). In this matter, Hernandez has failed to establish either prejudice or any compelling reasons in support of his motion other than to make a general complaint that he is not convinced the government can prove he is guilty and forcing him to go to trial with his co-defendants would be unfair because-- presumably-- he believes the government can prove his co-defendants are guilty and he will get tainted with their guilty by association.

The primary consideration in determining prejudicial effect in a joint trial is whether the jury can reasonably be expected to separate the evidence as it relates to the individual defendants. *United States v. Escalante*, 637 F.2d 1197 (9th Cir. 1980). Antagonistic and conflicting defenses do not necessarily require severance, even if there are hostilities between the defendants or if they blame one another. *United States v. Brady*, 579 F.2d 1121 (9th Cir. 1978). " To warrant severance, a defendant must establish clear, manifest, or undue prejudice from joinder... [m]erely suggesting, or even demonstrating, a comparative advantage in separate trials, absent a showing of manifest prejudice, doe not entitle a coconspirator to

severance." *United States v. Adler*, 879 F.2d 473 (9th Cir. 1988).  For instance, in a

conspiracy case, severance is required when co-conspirators' defenses are mutually

exclusive - when acquittal of one defendant necessarily results in the conviction of

the other, <u>not</u> when the defenses are merely inconsistent.  *Id*.  "The mere presence

of hostility among defendants or the desire of one to exculpate himself by

inculpating the others does not generate the kind of prejudice that mandates

severance."  *United States v. Sherlock*, 865 F.2d 1069 (9th Cir. 1989).

Even if it is perceived that there may be more incriminating evidence against

one defendant as opposed to another co-defendant is insufficient to justify  a

separate trial for the latter.  *United States v. Marcello*, 731 F.2d 1354 (9th Cir.

1984).  The prejudicial effect of the greater presentation of evidence and additional

charges against one co-defendant, can be eliminated by instructions to the jury.

*United States v. Douglass*, 728 F.2d 1472 (9th Cir. 1986).  Denial of severance is

proper even though evidence is weaker against one of the co-defendants.  *United

States v. Candoli*, 870 F.2d 496 (9th Cir. 1989).

Other than making a passing statement that a joint trial will prejudice his

interests, Hernandez presents nothing to substantiate a finding that manifest

prejudice to his interests will occur in a joint trial.  Instead, he argues that if the

court were to try him separate from his co-defendants, the court would not have to

be concerned about statements his co-defendants may have made during the course of the conspiracy.    This is no reason to grant Hernandez' motion because co-conspirator statements would be admissible against each defendant irrespective of whether they were tried together or separate from one another.

Fed. R. Evid. 801(d)(2)(E) provides that a statement is not hearsay if the "statement is offered against a party and in furtherance of the conspiracy."  Before a court will admit a statement of a co-conspirator into evidence and against a defendant, the government must establish by a preponderance of the evidence the three following requirements:  (1) the existence of a conspiracy; (2) that the defendant and declarant were members of the conspiracy; and (3) that the statements were made during the course of and in furtherance of the conspiracy. *Bourjaily v. United States,* 483 U.S. 171, 173 (1987).  Because the government must first lay the foundation for admission of coconspirator statements, Hernandez can not now establish that he will be prejudiced by the admission of the as yet unidentified co-defendant statements about which he is concerned.  The statements are either admissible or they are not.

Without any specific reference to the portion of each defendant's post arrest statements that raise Hernandez' concerns, his citation to *United States v. Bruton*, 391 U.S. 123 (1968) is irrelevant and does not support his motion.  He has not

explained how a joint trial would violate the holding of *Bruton*.  The United States

does not intend to violate the *Bruton* rule in this case by introducing any post arrest

statement that infringes upon any of co-defendant's rights.

Finally, the anticipated trial in this matter does not come close to being

classified as a "mega" trial and is not a reason for severance.  Despite the use of a

Title III intercept during the investigation, this is a straightforward drug trafficking

case.  Likewise, Hernandez' curious mistrust of the  jury's intelligence is no basis

for granting a severance.

In sum, the evidence against all of the defendants will remain the same.  A

separate trial would unnecessarily consume judicial resources when a joint trial

//

//

//

would be most appropriate and efficient.   For the forgoing reasons, the United

States submits Hernandez has failed to meet his burden and therefore requests that

the court deny his motion to sever.

    RESPECTFULLY SUBMITTED this day, March 28, 2006, in

Anchorage, Alaska.

        DEBORAH M. SMITH
        Acting United States Attorney

        s/Stephan A. Collins
        Assistant U.S. Attorney
        222 West 7th Ave., #9, Rm. 253
        Anchorage, AK 99513-7567
        Phone: (907) 271-5071
        Fax: (907) 271-1500
        E-mail: stephan.collins@usdoj.gov
        AK # 8911061

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2006
a copy of the foregoing was served
electronically:

Hugh Fleischer, Esq.

s/ Stephan A. Collins