DEBORAH M. SMITH
Acting United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:05-cr-108-11 (JWS) |
| Plaintiff, | |
| vs. | RESPONSE TO MOTION FOR A BILL OF PARTICULARS |
| ISAI HERNANDEZ, | |
| Defendant. | |

    Isai Hernandez, the defendant, has moved for a bill of particulars.  For the reasons set forth below, the United States opposes the motion.

    As a general rule, an indictment that sets forth the offense in the language of the statute itself is sufficient to satisfy the notice requirements.  *United States v. Ely*,

142 F.3d 1112, 1120 (9th Cir.1997); see also *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir.1995) (holding that "bare bones" information that tracks the statutory language is generally sufficient).  An indictment need not allege the government's theory of the case or detail the evidence to be presented at trial. See *United States v. Mustachio*, 968 F.2d 782, 787 (9th Cir.1991); *see also United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir.1993).  An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy. *Hamling v. United States*, 418 U.S. 87(1974).  Two corollary purposes of an indictment are: (1) to ensure that the defendants are being prosecuted on the basis of the facts presented to the grand jury, and (2) to allow the court to determine the sufficiency of the indictment.  *See Russell v. United States*, 369 U.S. 749 (1962).  The allegations of the indictment are presumed to be true. *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952).

      Hernandez is charged in Count 1of the current indictment with being a member of a drug trafficking conspiracy that had the following objectives: 1) to distribute and to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21 United States Code Sections 841(a)(1) and 841(b)(1)(A); and 2) to

distribute and to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and 50 grams of actual methamphetamine, in violation of Title 21, United States Code Sections 841(a)(1) and 841(b)(1)(A).  Hernandez is also charged in Count 22 with money laundering, in violation of 18 U.S.C. § 1956.  As to this latter charge, Count 22 specifically charges Hernandez with laundering approximately $67,000 in drug proceeds.  Both of these counts as presented in the indictment not only sufficiently track the language of the statutes to apprise Hernandez of the nature of the offenses but these counts also contain provide additional details of how the conspiracy and the money laundering were alleged to have been established .  The court should therefore deny the motion

    Furthermore, because of the discovery the government has provided to the defendants, the United States opposes the motion for a bill of particulars.  The legitimate purposes of a bill of particulars are extremely limited.  Under Rule 7(f) of the Federal Rules of Criminal Procedures, the only purposes of a bill of particulars are to give a defendant sufficient information about the charges against him in order to:  (1) fairly apprise him of the nature of the charge so that he may prepare his defense and avoid prejudicial surprise at trial, and (2) enable him to plead his conviction or acquittal as a bar to a second prosecution for the same

offense.[1] *See, e.g., United States v. Ayers*, 924 F.2d 1468 (9th Cir. 1991); *United States v. Drebin*, 557 F.2d 1316, 1325 (9th Cir. 1977); *Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965); *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963).

As far as the government is aware, Hernandez has never previously been convicted of any offense related to the charges contained in the indictment. The only pertinent question, therefore, is "whether adequate notice of the charge has been given to the defendant." Wright, Federal Practice and Procedure, Criminal § 129, p. 289 (West 1969). To fulfill these purposes, the indictment need only allege the essential elements of the offenses within the language of the statute. *United States v. Tavelman*, 650 F.2d 1133, 1137 (9th Cir. 1981); *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982); *United States v. Lurz*, 666 F.2d 69, 78 (4th Cir. 1981). Thus, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crimes." *United States v. Tramunti*, 513 F.2d 1087, 1113 (2nd Cir. 1975).

---

[1]The threat of double jeopardy has been substantially reduced by statute, e.g., 28 U.S.C. § 1731, and case law, e.g., Russell v. United States 369 U.S. 749, 764 (1962); United States v. Haldeman, 559 F.2d 31, 126 (D.C. Cir. 1976), by giving all defendants recourse to the entire trial record should they ever have to plead former jeopardy. See also Note, Indictment Sufficiency, 70 Colum.L.Rev. 876, 885 (1970).

Where, as in this case, the indictment and discovery give the necessary details of the offenses alleged, Hernandez is not entitled to a bill of particulars. *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984); *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983); *United States v. Chenaur*, 552 F.2d 294, 300-302 (9th Cir. 1977); *Drebin*, 577 F.2d at 1325; *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973). Hernandez has had open access to all of the discovery in this case and has had ample opportunity to make arrangements to inspect this discovery. The information Hernandez specifically seeks is adequately set forth in both the indictment and the discovery made available to him.

A defendant may not use a motion for a bill of particulars to inquire into the means or manner by which a defendant committed a specific criminal act. *See, e.g., United States v. Gray*, 464 F.2d 632, 635 (8th Cir. 1972) (manner of offense); *Ellis v. United States*, 321 F.2d 931, 932 (9th Cir. 1963) (denied bill of particulars requesting information regarding means used by defendant to aid and abet offense); *Pines v. United States*, 123 F.2d 825 (9th Cir. 1941) (disclosure of manner and means not required). Furthermore, a defendant may not use a bill of particulars to seek disclosure of the identity of any unindicted coconspirators. *United States v. Dicesare*, 765 F.2d 890, 897-8 (9th Cir. 1985).

The indictment clearly informs Hernandez of the charges, the approximate

dates of the offense, and the location of the alleged crimes. Through discovery, Hernandez knows the specifics about the charges. Although a defendant is not entitled to know the entire evidentiary case of the United States prior to trial, Hernandez knows quite a bit about the government's case. The indictment is written with sufficient clarity to enable the defendants to defend themselves against the charges as well as protect themselves from future prosecution for the same conduct. The United States has made available to Hernandez substantial discovery that further illuminates the government's case.

//

//

This court should therefore deny the defendants's motion for a bill of particulars.

RESPECTFULLY SUBMITTED this day, March 28, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/Stephan A. Collins
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

**CERTIFICATE OF SERVICE**
I hereby certify that on March 28, 2006
a copy of the foregoing was served
electronically:

Hugh Fleischer, Esq.

s/ Stephan A. Collins