UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>ISAI HERNANDEZ,<br><br>        Defendant. | 3:05-cr-00108-JWS-JDR<br><br>**ORDER ADDRESSING<br>DISCOVERY MOTIONS**<br><br>(Docket Entries 197 & 201) |

Defendant Isai Hernandez seeks a bill of particulars, docket entry 197, and an order requiring the government to provide discovery pursuant to Fed.R.Crim.P. 16, docket entry 201. These motions are opposed in part by the government at docket entries 218 & 220, respectively. Upon due consideration of the pleadings, the motions are granted and denied as stated below.

**Motion for Bill of Particulars**

The indictment charging Hernandez with conspiracy in Count 1 and money laundering in Count 22 sufficiently tracks the language of the statutes to

apprise the defendant of the nature of the offenses alleged. In his motion for bill of particulars, Hernandez seeks a partial witness list by requesting the names of persons who allegedly received cocaine as charged in the conspiracy count. The defendant is not entitled to a list of government witnesses in a non-capital case. United States v. Steele, 759 F.2d 706, 709 (9th Cir. 1985). Request No. 1 is denied.

Request No. 2 seeks a "specific description" of cocaine allegedly delivered by Francisco Martinez and Isai Hernandez to Carlos Rainey as referenced in overt act No. 10 of the conspiracy. This request also seeks an order requiring the government to describe the alleged acts of Hernandez in coordinating the shipment between Alaska and Washington. The defendant may not use a motion for bill of particulars to inquire into the means or manner by which the defendant committed a specific criminal act. See, i.e., Ellis v. United States, 321 F.2d 931, 932 (9th Cir. 1963); Pines v. United States, 123 F.2d 825 (9th Cir. 1941). Request No. 2 is denied.

Request No. 3 seeks a bill of particulars describing the means and manner of Hernandez's participation in the financial transactions charged in Count 22. The indictment sufficiently informs Hernandez of the alleged crime charged in Count 22, and Hernandez has failed to show that a description of evidence sought is necessary to fairly apprise him of the nature of the charge so that he may prepare a defense and avoid prejudicial surprise at trial or plead his conviction or acquittal

as a bar to a second prosecution for the same offense.  Request No. 3 is hereby denied.

## Motion for Discovery

The defendant's motion for discovery contains six requests which have each been considered separately as discussed below. The first request seeks exculpatory evidence pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny.  The United States has acknowledged its obligations under <u>Brady</u> and agrees to produce any impeachment information with respect to federal law enforcement officers the government calls to testify at trial at least three days prior to commencement of trial.  Response to motion for discovery, p. 2.  The first request is granted accordingly, and the government shall be bound by its response.

Request No. 2 seeking documents and recordings relating to the defendant's statements pursuant to Fed.R.Crim.P. 16(a)(1)(A) & (B) is granted. Request No. 3 seeks recordings relating to the defendant pursuant to Fed.R.Crim.P. 16(a)(1)(C).  That rule pertains to the government's obligation for disclosure of statements relating to an organizational defendant.  It is not applicable to Mr. Hernandez and is denied.  Request No. 4 seeks disclosure of the defendant's prior criminal record, if any.  The government has agreed to provide the material mentioned in this request, and the government shall be bound by its response to the motion for discovery, p. 3.  Request No. 4 is granted.

Paragraph 5 seeks an order requiring the government to permit the defendant to inspect and copy documents, papers, books, etc. that are material to the preparation of a defense, obtained from or belonging to the defendant, or are intended for use by the government in its case-in-chief at trial. Request No. 5 also requests information regarding the government's expert witnesses which is addressed in Rule 16(a)(1)(G). The government responded to this request as one seeking documents under Rule 16(a)(1)(D). As such, the government has agreed to provide laboratory reports for the controlled substances. The requests are granted accordingly.

Request No. 6 seeks a copy of the grand jury transcript of the indictment returned against Hernandez. The defendant has failed to make a showing of "particularized need" for such disclosure. *See*, Dennis v. United States, 384 U.S. 855, 868-75 (1966); Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 221-22 (1979). Thus, the defendant is not entitled a transcript of all of the proceedings before the grand jury relating to his indictment. The government, however, had agreed to provide a copy of the grand jury testimony of any of its trial witnesses who appeared before the grand jury for use by defense counsel in cross-examination or impeachment. Except as stated by the government in its response, request No. 6 is denied.

To the extent that the production of discovery does not depend upon the prior testimony of a government witness, the government shall provide such discovery no later than fifteen days prior to trial. Trial is presently set for June 5, 2006.

DATED at Anchorage, Alaska, this 3rd day of April 2006.

   /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge