UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>         Plaintiff,<br>   vs.<br><br>ISAI HERNANDEZ,<br><br>         Defendant. | 3:05-cr-00108 (JWS) (JDR)<br><br>**ORDER ADDRESSING<br>PRETRIAL MOTIONS**<br><br>(Docket Entries 204 & 205) |

Defendant Isai Hernandez moves the court for a pretrial hearing to establish the admissibility of co-conspirators' statements. Docket entry 204. The motion is opposed by the government. Docket entry 212. Also before the court is the defendant's motion for an order requiring the government to reveal the identity of its informant(s). Docket entry 205. That motion is opposed by the government at Docket entry 213. For reasons stated below the motions shall be denied.

At trial the government intends to offer statements against Hernandez pursuant to Fed.R.Evid. 801(d)(2)(E) which provides that a statement is not hearsay

if the "statement is offered against a party and in furtherance of the conspiracy." Hernandez cites <u>Bourjaily v. United States</u>, 483 U.S. 173 (1987) for its holding requiring the government to establish by a preponderance of the evidence the following three items before the court should admit a statement of a co-conspirator into evidence against a defendant: (1) the existence of a conspiracy; (2) that the defendant and declarant were members of the conspiracy; and (3) that the statements were made during the course of and in furtherance of the conspiracy. *Id.* at 173.  In its response to this motion, the government has correctly set forth the law regarding the foundation the government must lay for the admission of co-conspirators' statements.  The order of proof is left to the sound discretion of the trial judge.  <u>United States v. Zemek</u>, 634 F.2d 1159, 1169 (9th Cir. 1980).

In the Ninth Circuit the trial court may provisionally admit evidence of co-conspirators' statements subject to a motion to strike should the government's evidence ultimately not satisfy the foundational requirements.  *See*, <u>Zemek</u>, *supra*; <u>United States v. Batimana</u>, 623 F.2d 1366, 1369 (9th Cir. 1980).  <u>Zemek</u> expressly rejected the adoption of the Fifth Circuit's "preference" for pretrial determination of admissibility of co-conspirators' statements as set forth in <u>United States v. James</u>, 590 F.2d 575 (5th Cir. 1979).  *See*, 634 F.2d at 1169, n.13.  It has not been the practice in this district to hold such pretrial hearings as requested by Hernandez.

Accordingly, the motion for admissibility hearing regarding statements, Docket entry 204, is hereby denied.

The United States enjoys a limited privilege to withhold the identity of confidential informants. The privilege must give way when disclosure of the informant's identity is "relevant and helpful to the accused" or is "essential to a fair determination of a cause." Roviaro v. United States, 353 U.S. 53, 59-61 (1957). The defendant bears the burden of showing that disclosure will be "relevant and helpful." United States v. Johnson, 886 F.2d 1120, 1122 (9th Cir. 1989). A moving defendant must do more than speculate that disclosure will be helpful to satisfy this burden. See, United States v. Trejo-Zambrano, 582 F.2d 460, 466 (9th Cir. 1978).

In the instant case, the government states that its confidential informant provided no information to the agents about Hernandez, had no contacts with Hernandez, and engaged in no conversations with him. The government's response, p. 3. In its pleading, the government notes that Hernandez has failed to establish that the confidential informant was the "sole percipient witness to the events that support the charges against him."

If the government's confidential informant were a percipient witness to any exchange of drugs, then the identity of that witness should be disclosed to the defense, regardless whether such informant was the "only" percipient witness to such event. Roviaro, *supra*, holds that the government must disclose an informant's

identity where the informant actively participated in or was a percipient witness to the alleged criminal conduct. I do not interpret this holding to include active participation in an overt act alleged to be a part of the conspiracy. Except as noted, I conclude that Hernandez has not made a sufficient showing that the identity of the informant should be disclosed prior to trial. The motion for an order requiring the government to reveal the identity of the informant, Docket entry 205, is granted and denied accordingly. The government shall notify the defense forthwith as to whether its informant was a percipient witness to the substantive drug transactions at issue.

DATED at Anchorage, Alaska, this 4th day of April 2006.

 /s/ John D. Roberts  
JOHN D. ROBERTS  
United States Magistrate Judge