## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | **3:05-cr-00108-JWS-JDR** |
| Plaintiff, | |
| vs. | **RECOMMENDATION ON** |
| | **MOTION FOR SEVERANCE** |
| ISAI HERNANDEZ, | |
| | (Docket Entry 199, 232) |
| Defendant. | |

Defendant Isai Hernandez moves the court to sever his trial from that of his co-defendants pursuant to Rule 14 of the Federal Rules of Criminal Procedure. Docket entry 199. Co defendant Alfredo Martinez filed a joinder. Docket No. 232. The motion is opposed by the government. Docket entry 215. Upon due consideration of the pleadings, I conclude that the motion lacks merit.

Rule 14, Fed.R.Crim.P. gives the court discretion to order a severance of defendants if it appears that a defendant is prejudiced by a joinder of offenses or of parties

in an indictment.  Hernandez seeks a severance of trials claiming that much of the evidence

in a joint trial would not apply to him, that a joint trial may violated Bruton v. United States,

391 U.S. 123 (1968), and that it is unreasonable to expect a jury to consider evidence

separately as to each of the co-defendants who may go to trial.

Hernandez is charged with his co-defendants in a conspiracy to distribute

controlled substances in violation of 21 U.S.C. §846 and with several of his co-defendants

with money laundering in violation of 18 U.S.C. §1956.  Hernandez does not challenge his

initial joinder in the multi-defendant indictment.  Generally, defendants who are jointly

indicted should be jointly tried.  United States v. Mariscal, 939 F.2d 8884 (9th Cir. 1991).

Hernandez's moving papers fail to establish that in a joint trial he would not likely receive

a fair trial or be given an opportunity to present his own defense.  Upon consideration of the

nature of the charges and expected evidence at trial, there is no reason to conclude that the

jury could not reasonably be expected to separate the evidence as it relates to individual

defendants.  *See*, United States v. Escalante, 637 F.2d 1197 (9th Cir. 1980).  The desire of a

defendant(s) to exculpate himself by inculpating co-defendants does not generate the kind

of prejudice that requires a severance.  United States v. Sherlock, 865 F.2d 1069 (9th Cir.

1989).  The fact that there may be different quanta of evidence introduced as to various

defendants is insufficient to justify a separate trial of defendants.  United States v. Marcello,

731 F.2d 1354 (9th Cir. 1984).  Nor is severance required even though evidence may be

weaker against the moving defendant than that against his co-defendants.  United States v.

Candoli, 870 F.2d 496 (9th Cir. 1989).  The government has acknowledged its obligations

under Brady v. Maryland, 373 U.S. 83 (1963).  Hernandez offers no specificity with regard

to any post-arrest statements that he fears the government may seek to introduce in violation

of Bruton.   Fed.R.Evid. 801(d)(2)(E) provides that a statement is not hearsay if the

"statement is offered against a party in furtherance of the conspiracy."   Wherefore,

Hernandez has made an insufficient showing to merit a severance for trial.  The motion for

severance should therefore be denied.  IT IS SO RECOMMENDED.

DATED this 10th day of April, 2006, at Anchorage, Alaska.


 /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge


Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed

finding and recommendation shall file written objections with the Clerk of Court no later

than **NOON, Monday, April 17, 2006**, to object to a magistrate judge's findings of fact may

be treated as a procedural default and waiver of the right to contest those findings on appeal.

McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).

The Ninth Circuit concludes that a district court is not required to consider evidence

introduced for the first time in a party's objection to a magistrate judge's recommendation

United States v. Howell, 231 F.3d 615 (9th Cir. 2000).  Objections and responses shall not

exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion

papers.   Rather, objections and responses shall specifically designate the findings or

recommendations objected to, the basis of the objection, and the points and authorities in

support.   Response(s) to the objections shall be filed on or before **NOON, Monday, April 24, 2006**.   The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.  See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).