NELSON P. COHEN
United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK Bar No. 8911061

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ISAI HERNANDEZ,  )<br>)<br>Defendant.  )<br>_____ ) | Case 3:05-CR-00108-11-JWS<br><br><br><u>UNITED STATES SENTENCING<br>MEMORANDUM</u> |

**SUMMARY OF SENTENCING RECOMMENDATIONS**

**TERM OF IMPRISONMENT** . . . . . . . . . . . . . . . . . . . . . . **108 MONTHS**

**TERM OF SUPERVISED RELEASE** . . . . . . . . . . . . . . . . . . . **5 YEARS**

**FINE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$0.00**

**SPECIAL ASSESSMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$200.00**

The United States Probation Office [USPO] has prepared the presentence report [PSR] in this case and the United States does not dispute the factual findings the USPO has made. The United States will rely upon the factual statements in the PSR in making its sentencing recommendations.

Following his pleas of guilty, the defendant stands convicted of one count of conspiracy, in violation of 21 U.S.C. § 846, and one count of money laundering, in violation of 18 U.S.C. § 1956. The USPO has recommended the Court find the defendant's total adjusted base offense level for the counts of conviction to be 31 and that, with the defendant's criminal history category classification of I, the defendant's sentence range to be between 108 and 135 months of imprisonment.

The USPO has accurately assessed the information the United States developed as part of its investigation in this matter and has accurately set forth in the PSR the background information of the defendant's criminal activities. The United States is prepared to present evidence in support of the information contained in the pre-sentence report.

In accordance with the U.S.S.G. and the sentencing factors set forth in 18 U.S.C. § 3553, the United States recommends a sentence 108 months of

imprisonment to run concurrent, a special assessment of $200.00, and a term of five years supervised release. The United States does not recommend the imposition of a fine, based on the defendant's apparent current or foreseeable ability to pay a substantial fine. This sentence will adequately address not only the United States Sentencing Commission Guideline concerns but also those contained in 18 U.S.C. § 3553. The United States recommends this term of imprisonment for this defendant because of his substantial involvement in a fairly successful cocaine distribution organization.

At this time, the defendant has not satisfied the criteria for the application of the "Safety Valve." Based on prior representations in behalf of the defendant, the defendant infomred the Untied States he was unwilling to provide a complete and truthful statement, as required by 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2 (a)(5), about the other individuals with whom he was working to provide substantial quantities of cocaine to the Carlos Rainey drug trafficking organization. Because fo this, the United States is opposed to the application of the "Safety Valve." Furthermore, because the defendant has not been willing to provide this information, the United States is suspect of any future statements the defendant may offer before imposition of sentence. That is, the United States is convinced the defendant will not truthfully offer all information and evidence about the

offenses of conviction or that were part of the same course of conduct, or the common scheme or plan the United States believes the defendant may have.

The United States also opposes the defendant's request for a downward adjustment for minor role in the overall conspiracy. This defendant was the conduit through which the Carlos Rainey organization obtained substantial quantities of cocaine. In addition to the $67,000 transaction that occurred at the beginning of October, 2005, the defendant participated in the two kilogram shipment of cocaine that law enforcement intercepted on October 20, 2005, as evidenced by the intercepted communications between himself and Carlos Rainey. Additionally, law enforcement intercepted four kilograms of cocaine in July, 2005 that was sent from Washington to Alaska as part of the conspiracy. Because the defendant was not substantially less culpable than any other defendant, and to the contrary was the significant source of supply for cocaine, the defendant's role in

\\

\\

\\

\\

the offense cannot be considered minor.

      RESPECTFULLY SUBMITTED this day, September 13, 2006, in Anchorage, Alaska.

      NELSON P. COHEN
      United States Attorney

      s/Stephan A. Collins
      Assistant U.S. Attorney
      222 West 7th Ave., #9, Rm. 253
      Anchorage, AK 99513-7567
      Phone: (907) 271-5071
      Fax: (907) 271-1500
      E-mail: stephan.collins@usdoj.gov
      AK # 8911061

I declare under penalty of perjury that a true and correct copy of the foregoing SENTENCING MEMORANDUM was sent to the following counsel of record on September 13, 2006, via:

FPD

Sue Ellen Tatter
550 W 7th Ave. Suite 1600
Anchorage, Alaska 99501

United States Probation Office

Executed at Anchorage, Alaska on September 13, 2006

_____
Office of the U.S. Attorney